IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
EASTERN DIVISION
No. 4:16-CR-37-1H
No. 7:16-CR-98-1H
No. 4:18-CV-136-H

BOBBY DESHAWN BAILEY,           )
    Petitioner,                 )
                                )            **ORDER**
    v.                          )
                                )
UNITED STATES OF AMERICA,       )
    Respondent.                 )


This matter is before the court on petitioner's pro se motion to vacate pursuant to 28 U.S.C. § 2255, [DE #76]. The government filed a motion to dismiss, [DE #80], to which petitioner responded by filing a document titled as a motion, [DE #84 (unsigned) #87 (signed)]. This matter is ripe for adjudication.

## BACKGROUND

On August 8, 2016, petitioner pled guilty without a written memorandum of plea agreement, to bank fraud and aiding and abetting, in violation of 18 U.S.C. §§ 1344(1) and (2) and 2 (Counts One and Two, 4:16-CR-37-1H). On February 13, 2017, petitioner pled guilty without a written memorandum of plea agreement, to carjacking and aiding and abetting, in violation of 18 U.S.C. §§ 2119(1) and 2 (Count One, 7:16-CR-98-1H); and brandishing a firearm during and in relation to a crime of violence, in violation of 18 U.S.C. § 924(c)(1)(A)(ii) (Count Two,

7:16-CR-98-1H). On April 11, 2017, the court sentenced petitioner to a total term of imprisonment of 144 months.[1] Judgment was entered on April 18, 2017. Petitioner did not appeal.

On August 2, 2018, petitioner filed the instant motion pursuant to 28 U.S.C. § 2255, [DE #76], in light of <u>Johnson v. United States</u>, 135 S. Ct. 2551 (2015), <u>Sessions v. Dimaya</u>, 138 S. Ct. 1204 (2018), and <u>Unites States v. Simms</u>, 914 F.3d 229 (2019)[2] arguing his § 924(c) conviction should be vacated because the residual clause of § 924(c) is unconstitutionally vague.

## COURT'S DISCUSSION

The timeliness of petitioner's motion is governed by 28 U.S.C. § 2255(f)(1). Petitioner's judgment was entered on April 18, 2017. [DE #69]. Petitioner did not file an appeal, and therefore his judgment became final when the 14-day appeal period expired following entry of judgment. <u>Clay v. United States</u>, 537 U.S. 522, 532 (2003); Fed. R. App. P. 4(b)(1)(A)(i); <u>but</u> <u>cf.</u> <u>United States v. Sanders</u>, 247 F.3d 139, 142 (4th Cir. 2001) (holding judgment became final on the judgment was entered, that is "the date upon which he declined to pursue further appellate review." The court notes petitioner's § 2255 motion was not filed until August 2,

---

[1] Petitioner's sentencing in case number 4:16-CR-37-1H was held simultaneously with his sentencing in case number 7:16-CR-98-1H on April 11, 2017. [DE #69 Judgment at 1, 4:16-CR-37-1H and DE #27 at 1, 7:16-CR-98-1H]. One PSR was created for this sentencing. [DE #56 at 1, 4:16-CR-37-1H]. This court will cite to Case Number 4:16-CR-37-1H for the remainder of this order.
[2] <u>Simms</u> was on appeal but not yet decided at the time of petitioner's filing.

Case 4:16-cr-00037-H   Document 106   Filed 06/11/20   Page 2 of 5

2018, more than one year after the judgment became final. Petitioner's § 2255 was signed on July 30, 2018, which was still in excess of one year from the time his judgment became final. See Houston v. Lack, 487 U.S. 266, 276 (1988) (holding petitioner's "filing" occurs at the time "he delivered [the notice] to the prison authorities for forwarding to the court clerk.") (internal citations omitted). Petitioner argues his motion to vacate is timely under 28 U.S.C. § 2255(f)(3) as it was filed within one year of the Supreme Court's decision in Sessions v. Dimaya. However, as discussed below, the holding in Dimaya is inapplicable to petitioner's case, therefore, this court need not reach the issue of retroactive applicability. Therefore, this timeliness argument is without merit.

However, even if the court construed petitioner's filing as timely, petitioner would still not prevail. In the Johnson decision, the Supreme Court of the United States invalidated the residual clause found in 18 U.S.C. § 924(e)(2)(B)(ii), the Armed Career Criminal Act, ("ACCA"). Johnson, 135 S. Ct. at 2557. In Welch v. United States, 136 S. Ct. 1257, 1265 (2016), the Supreme Court held the rule pronounced in Johnson is retroactively applicable on collateral review. In Dimaya, the Supreme Court invalidated the residual clause of 18 U.S.C. § 16(b). Dimaya, 138 S. Ct. at 1215. Petitioner filed prior to the Supreme Court's ruling in United States v. Davis, 139 S. Ct. 2319, 2323-24 (2019),

3

which invalidated the residual clause of 18 U.S.C. § 924(c)(3)(B).
However, petitioner's crime of violence, carjacking, is a crime of
violence under 18 U.S.C. § 924(c)(3)(A), the "force clause."
<u>United States v. Evans</u>, 848 F.3d 242, 244 (2017) ("[T]he carjacking
statute, [18 U.S.C. § 2119] qualifies as a crime of violence under
Section 924(c), because the carjacking statute 'has as an element
the use, attempted use, or threated use of physical force against
the person or property of another.'") (citing 18 U.S.C. §
924(c)(3)(A)). Accordingly, petitioner's argument is without
merit.

<u>**CONCLUSION**</u>

For the foregoing reasons, the government's motion to
dismiss, [DE #80], is GRANTED. Petitioner's motion to vacate, [DE
#76, #87], is DISMISSED. The clerk is directed to close this case.

A certificate of appealability shall not issue absent "a
substantial showing of the denial of a constitutional right." 28
U.S.C. § 2253(c)(2). A petitioner satisfies this standard by
demonstrating that reasonable jurists would find that an
assessment of the constitutional claims is debatable and that any
dispositive procedural ruling dismissing such claims is likewise
debatable. <u>Miller-El v. Cockrell</u>, 537 U.S. 322, 336-38 (2003);
<u>Slack v. McDaniel</u>, 529 U.S. 473, 484 (2000); <u>Rose v. Lee</u>, 252 F.3d
676, 683-84 (4th Cir. 2001). A reasonable jurist would not find

this court's dismissal of Petitioner's § 2255 Motion debatable.

Therefore, a Certificate of Appealability is DENIED.

This 10th day of June 2020.

_____
Malcolm J. Howard
Senior United States District Judge

At Greenville, NC
#35